IN THE UNITED STATES BANKRUPTCY COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE:

DB TRANSPORT LLC                    CASE NO. 25-51307 KMS

ORDER

This matter having come on for consideration upon the Motion to Require Escrowed Subchapter V Trustee Payments (the "Motion") (DK#___), filed herein by Robert Alan Byrd, Subchapter V Trustee (the "Trustee") and the Court having considered the Motion and being fully advised in the premises, does hereby find as follows, to-wit:

1. Notice and opportunity for a hearing were adequate and appropriate under the circumstances.

2. The Trustee has been appointed as the Subchapter V Trustee in this Chapter 11 case.

3. There is no statutory requirement for the Debtor-in-Possession in a Subchapter V case to pay, or even escrow, fees and expenses of the Trustee (or any Trustee for that matter) while the case is pending and before confirmation of a Plan.

4. There are instances in Subchapter V cases that end up under Chapter 7, with no funds being paid to the Subchapter V Trustee.

5. In addition, there are Subchapter V cases that will be unable to submit a feasible Chapter 11 Plan, and the earlier the parties in the case know that, the better off everyone will be.

6. Bearing all of these considerations in mind, the Court orders the Debtor to begin,

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029

immediately, depositing the sum of $1,000.00 per month, starting October 1, 2025, with the funds to be held in the Trustee's IOLTA Trust Account where they will remain pending an application for compensation and notice and a hearing and Order in connection with such application. The escrowed funds will be used to defray the Trustee's compensation, if any. After any allowance and payment of fees and expenses any excess funds shall be returned to the Debtor. Monthly payments will cease once the Trustee has the sum of $7,500.00 in the fee and expense escrow. Payments may resume pending further Order from the Court.

      7. In the event the Debtor cannot afford to escrow $1,000.00 per month, or in the event the Debtor (or its equity security holders) are unwilling or unable to come up with $1,000.00 per month to fund an escrow, then the parties should know that sooner rather than later and take such actions as necessary.

      8. The Trustee escrow payments shall be shown and reported on the Debtor's monthly operating reports.

      9. Accordingly, the Court hereby grants the Motion.

### ###END OF ORDER###

BYRD & WISER
ATTORNEYS AT LAW
145 MAIN STREET
P.O. BOX 1939
BILOXI, MISSISSIPPI 39533
TELEPHONE (228) 432-8123
FAX (228) 432-7029