**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    DB Transport LLC, Debtor                Case No. 25-51307-KMS
                                                  CHAPTER 11

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR GRANT OF ADEQUATE PROTECTION

COMES NOW, DB Transport LLC (the "Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364, and Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014, respectfully moves this Court for entry of an order authorizing the Debtor to use cash collateral and granting adequate protection to secured creditors. In support thereof, the Debtor would show as follows:

1) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

2) The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter 5 of the Bankruptcy Code on September 4, 2025. The Debtor continues to operate as debtor-in-possession pursuant to 11 U.S.C. § 1184. A Subchapter V trustee has been appointed pursuant to 11 U.S.C. § 1183.

3) The Debtor is engaged in the trucking business, operating approximately a dozen trucks transporting freight throughout the region.

4) The Debtor's ongoing operations require the immediate and continuous use of cash, including revenues generated pre-petition that constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a).

5) Keystone Equipment Finance asserts security interests in various equipment and cash collateral pursuant to three loans, with UCC financing statements on file.

6) An unidentified creditor appears to assert a security interest in the Debtor's cash and cash equivalents pursuant to UCC financing statements. The filings list First Corporate Solutions as the secured party's representative, but the identity of the underlying creditor has not yet been determined.

7) The UCC financing statements filed by Keystone and First Corporate Solutions purport to encumber the Debtor's cash and cash equivalents, thereby rendering the Debtor's operating funds "cash collateral" as defined in 11 U.S.C. § 363(a).

8) The Debtor requires immediate use of cash collateral to pay ordinary and necessary business expenses, including fuel, payroll, insurance, lease payments, maintenance, and other costs essential to continued operations as provided for in the budget attached as Exhibit "A".

9) Without authority to use cash collateral, the Debtor will be unable to continue operations, which would result in immediate and irreparable harm to the bankruptcy estate and creditors.

10) Use of cash collateral is necessary to preserve the going-concern value of the Debtor's business and maximize the prospects for a successful reorganization.

11) As adequate protection to Keystone Equipment Finance and First Corporate Solutions, the Debtor proposes the following:

   a. Granting replacement liens to the secured creditors on all post-petition cash and accounts receivable generated by the Debtor, to the same extent, validity, and priority as existed pre-petition.

   b. Providing monthly operating reports and reasonable financial information to secured creditors upon request.

    c. Maintaining debtor-in-possession accounts at Regions Bank, segregating and depositing all operating funds, and using such funds only in accordance with the Bankruptcy Code and orders of this Court.

12) The Debtor respectfully requests entry of an order:

    a. Authorizing the Debtor to use cash collateral in the ordinary course of business to pay necessary expenses as set forth herein;

    b. Granting replacement liens and other adequate protection to Keystone Equipment Finance and First Corporate Solutions;

    c. Finding that the secured creditors are adequately protected within the meaning of 11 U.S.C. §§ 361 and 363; and

    d. Granting such other and further relief as the Court deems just and proper.

WHEREFORE, PREMISES CONSIDERED, DB Transport LLC respectfully prays that this Court enter an order authorizing the Debtor to use cash collateral, granting adequate protection to secured creditors, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Counsel for Debtor

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Motion for Authorizing to Use Cash Collateral and for Granting of Adequate Protection was forwarded on September 9, 2025 to:

By First Class Mail:

    Keystone Equipment Finance
    433 S Main St Suite 30
    West Hartford CT 06110

    First Corporate Solutions
    914 S Street
    Sacramento CA 95811

By Electronic CM/ECF Notice:

    U.S. Trustee

    Robert A Byrd, Chapter 11 Trustee

    <u>/s/ Thomas C. Rollins, Jr.</u>
    Thomas C. Rollins, Jr. (MSBN 103469)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51307 |
|---|---|
| DB Transport LLC | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 12 |

On 9/9/2025, I did cause a copy of the following documents, described below,

MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR GRANT OF ADEQUATE PROTECTION

Exhibit A

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/9/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>DB Transport LLC | CASE NO: 25-51307<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 12 |

On 9/9/2025, a copy of the following documents, described below,

MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR GRANT OF ADEQUATE PROTECTION

Exhibit A

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/9/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

FIRST CLASS

KEYSTONE EQUIPMENT FINANCE
433 S MAIN ST SUITE 30
WEST HARTFORD CT 06110

FIRST CLASS

FIRST CORPORATE SOLUTIONS
914 S STREET
SACRAMENTO CA 95811