## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    DB Transport LLC, Debtor                            Case No. 25-51307-KMS
                                                                                CHAPTER 11

### ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court upon the Motion of DB Transport LLC (the "Debtor") for Authority to Use Cash Collateral and for Grant of Adequate Protection (the "Motion") [Dkt. ___]. After due consideration, and the Court being fully advised in the premises, the Court find that:

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Debtor has demonstrated an immediate need to use cash collateral to continue operations as a going concern.

Secured creditors asserting an interest in case collateral include Keystone Equipment and First Corporate Solutions. The interests of Keystone Equipment Finance and First Corporate Solutions are adequately protected by the terms set forth herein.

IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as set forth in this Order.

2. The Debtor is authorized to use cash collateral, as defined in 11 U.S.C. § 363(a), to pay necessary and ordinary business expenses of its trucking operations as provided in the Exhibit "A" attached to the Motion.

3. As adequate protection for the use of cash collateral, Keystone Equipment Finance and First Corporate Solutions are granted, pursuant to 11 U.S.C. §§ 361 and 363, replacement liens on all post-petition cash, accounts receivable, and proceeds thereof, to the same validity, extent, and priority as existed pre-petition.

4. The Debtor shall maintain debtor-in-possession bank accounts at Regions Bank and shall deposit all receipts into such accounts.

5. The Debtor shall provide to secured creditors and the U.S. Trustee copies of its monthly operating reports and such additional financial reporting as may reasonably be requested.

6. Nothing herein shall constitute a finding with respect to the extent, validity, or priority of any creditor's liens or claims, all such rights and defenses being expressly preserved.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

##END OF ORDER##

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr., (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533